Citation Nr: 1008510 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-17 282 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, 
Missouri


THE ISSUE

1. Entitlement to service connection for hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant 


ATTORNEY FOR THE BOARD

A. Shawkey, Counsel


INTRODUCTION

The Veteran served on active duty from November 1961 to 
February 1966.

This matter comes to the Board of Veterans' Appeals (Board) 
on appeal from an August 2007 rating decision of the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Louis, Missouri. In that decision the Board denied the 
claims of entitlement to service connection for bilateral 
hearing loss and tinnitus. In November 2008, the Veteran 
testified before the undersigned Veterans Law Judge at a 
Board video conference hearing. A transcript of that hearing 
has been incorporated into the claims file.

The appeal is REMANDED to the VA RO via the Appeals 
Management Center in Washington, DC. VA will notify the 
appellant if further action is required on his part.


REMAND

The Veteran contends that he has had bilateral hearing loss 
and tinnitus ever since service. He attributes these 
conditions to noise exposure from jet engines and gun fire 
while serving aboard a U.S. Naval ship. 

Based on a thorough review of the Veteran's claims file, the 
Board finds that additional development is warranted prior to 
deciding this appeal. Such development requires VA to 
request pertinent medical records that are outstanding. More 
specifically, the Veteran completed an authorization record 
release form (VA Form 21-4142) in July 2007 authorizing VA to 
obtain pertinent outstanding medical records. These records 
include treatment for hearing loss at Washington University 
Medical Center in 1994, by "SHC" Dr. Marino in 2001, and at 
a VA hospital in 2006 and 2007. Despite informing VA of 
these records, no attempt has been made to obtain them. 
These records are especially pertinent to the Veteran's 
claims in view of the fact that there are no postservice 
medical records on file other than an August 2007 VA 
examination report, and in view of the Veteran's June 2008 
substantive appeal wherein he asserted that "the hearing 
people I went to" told him the loud jet noise and the ship's 
guns contributed to his hearing loss. 

In light of the relevance of these records to the Veteran's 
claims, an attempt should be made to obtain them. 
38 U.S.C.A. § 5103A(b),(c); 38 C.F.R. § 3.159. Also, any 
additional pertinent outstanding treatment records that are 
identified, both VA and nonVA, should be obtained. Id.

Based on the foregoing, the case is REMANDED for the 
following action:

1. Ask the Veteran to identify any 
relevant medical records, private or VA, 
regarding his claimed hearing loss and 
tinnitus disabilities that have not 
already been obtained. Following the 
procedures set forth in 38 C.F.R. 
§ 3.159, the RO/AMC should obtain copies 
of pertinent records from all identified 
treatment sources, to specifically 
include treatment at Washington 
University Medical Center in 1994, by 
"SHC" Dr. Marino in 2001, and at a VA 
hospital in 2006 and 2007. All records 
obtained should be associated with the 
claims file. If any identified records 
cannot be obtained, this fact should be 
documented in the claims file.

2. Following a review of all additional 
evidence incorporated into the claims 
file and after undertaking any additional 
development deemed warranted by the 
evidence, the Veteran's claims of 
entitlement to service connection for 
hearing loss and tinnitus should be 
readjudicated. If such action does not 
resolve the claims, a Supplemental 
Statement of the Case should be issued to 
the Veteran and his representative. An 
appropriate period of time should be 
allowed for response. Thereafter, these 
claims should be returned to this Board 
for further appellate review, if in 
order.

The appellant and his representative have the right to submit 
additional evidence and argument on the matter or matters the 
Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 
(1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims those are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).



_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).